1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMARO | BALDWIN LLP

**AMARO | BALDWIN LLP**
Rudie D. Baldwin, Esq. (Bar No. 245218)
Stefanie U. Hardy, Esq. (Bar No. 206865)
180 E. Ocean Blvd, Suite 1150
Long Beach, California 90802
Telephone: (562) 912-4157
rbaldwin@amarolawyers.com
shardy@amarolawyers.com
DRDN00026

Attorneys for Defendant,
YARD HOUSE USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| BERTHA DONIS<br><br>          Plaintiff,<br><br>v.<br><br>YARD HOUSE, LLC and DOES 1 to 25.<br><br>          Defendants. | CASE NO. 25-759<br><br>**ANSWER TO COMPLAINT**<br><br><br>Complaint Filed:  December 13, 2024<br>Trial Date:  None |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendant, YARD HOUSE USA, INC. (erroneously sued as "YARD HOUSE, LLC") ("Defendant") hereby answers the Complaint of Plaintiff, and asserts affirmative and other defenses as follows:

1.      As to Paragraph 1, Defendant denies that the State Court is the proper venue in this matter, based on Diversity Jurisdiction. Defendant admits that Plaintiff recently identified in response to initial discovery that the amount in controversy exceeds $75,000.

///

**AMARO | BALDWIN LLP**

2.      As to Paragraph 2,  Defendant admits that Plaintiff, BERTHA DONIS, is a resident of the State of California.

3.      As to Paragraph 3, Defendant admits that it is incorporated in the State of Delaware, and is licensed to, and conducting business in the County of Los Angeles, State of California.

4.      As to Paragraph 4, Defendant admits that Defendant, DARDEN RESTAURANTS, INC. is a Florida Corporation, but contends that it was erroneously sued herein, because the only proper legal entity is YARD HOUSE USA, INC.

5.      As to Paragraph 5, Defendant admits that Defendant, JONES LANG LASALLE AMERICAS, INC. is a Maryland Stock Corporation, licensed to, and conducting business in the County of Los Angeles, State of California.

6.      As to Paragraph 6, Defendant lacks sufficient information to admit or deny as to Doe Defendants. That said, Defendant identifies that all of its employees that were working at the time of the alleged incident in the subject Yard House were acting within the course and scope of their employment.  As such, per the doctrine of Respondeat Superior, no employee of Yard House bears any individual liability as to any claims made by Plaintiff, and hence, would not be a proper Defendant and/or Doe Defendant, in this matter.

7.      As to Paragraph 7, Defendant denies it was the agent, servant, employee, joint venturer and partner, each of the other, and were, at all such times, acting withing the course and scope of said relationship; and further denies that each said defendant acted as a principal and directed, consented to, approved, affirmed, and ratified each and every action taken by co-defendants.  That said, Defendant identifies that all of its employees that were working at the time of the alleged incident in the subject Yard House were acting within the course and scope of their employment.  As such, per the doctrine of Respondeat Superior, no employee of Yard House bears any individual liability as to any claims made by Plaintiff, and hence, would not be a proper Defendant

**ANSWER TO COMPLAINT**

1   and/or Doe Defendant, in this matter.

2       8.      As to Paragraph 8, Defendant incorporates by reference its answer to

3   paragraphs 1 through 7.

4       9.      As to Paragraph 9, Defendant admits that on August 24, 2024, Plaintiff

5   was a guest and/or invitee of the Yard House restaurant located at or near 13455 Maxella

6   Avenue, Marina Del Rey, CA 90292 (sometimes, hereinafter the "Premises).

7       10.     As to Paragraph 10, Defendant lacks sufficient information to admit or

8   deny all of the specific details related to Plaintiff's alleged incident; however, it admits

9   that Plaintiff slipped and fell at the subject Yard House and it is informed and believes

10  that Plaintiff's alleged incident occurred secondary to a sudden leak and/or defect in the

11  building material located above the ceiling of the Yard House restaurant. Yard House

12  USA, Inc. identifies that it leased the Premises, and that it had no duty, contractual or

13  otherwise, as it related to the plumbing in the building in the area of the alleged leak, or

14  any other building material involved in the subject incident.

15      11.     As to Paragraph 11, as identified above, the only proper legal entity related

16  to the subject Yard House is Yard House USA, Inc., and Defendant admits that it

17  operated and maintained the Premises (again, as it relates to the subject Yard House).

18  Yard House USA, Inc. identifies that it leased the Premises, and that it had no duty,

19  contractual or otherwise, as it related to the plumbing in the building in the area of the

20  alleged leak, or any other building material involved in the subject incident.

21      12.     As to Paragraph 12, Defendant lacks sufficient information to admit or

22  deny that Defendant JLL and DOES 1 through 50, inclusive, were the property manager

23  of Yard House and similarly were in possession of, leased, designed, maintained,

24  operated, owned, occupied, managed, supervised, monitored, repaired, cleaned,

25  purchased equipment for, and otherwise controlled the premises.

26      13.     As to Paragraph 13, Defendant, Yard House USA, Inc. admits that it had a

27  duty to maintain the condition of the Premises to the extent that it was obligated to

28

AMARO | BALDWIN LLP

exercise reasonable care in providing a reasonably safe Premises, but denies it negligently maintained, managed, and/or operated the premises. Yard House USA, Inc. identifies that it leased the Premises, and that it had no duty, contractual or otherwise, as it related to the plumbing in the building in the area of the alleged leak, or any other building material involved in the subject incident. Defendant lacks sufficient information to admit or deny the extent of Plaintiff's alleged injuries and the circumstances of the alleged incident.

14.     As to Paragraph 14, Defendant, Yard House USA, Inc. admits that it had a duty to maintain the condition of the Premises to the extent that it was obligated to exercise reasonable care in providing a reasonably safe Premises, but denies it negligently maintained, managed, and/or operated the premises. Yard House USA, Inc. identifies that it leased the Premises, and that it had no duty, contractual or otherwise, as it related to the plumbing in the building in the area of the alleged leak, or any other building material involved in the subject incident. Defendant lacks sufficient information to admit or deny the extent of Plaintiff's alleged injuries and the circumstances of the alleged incident.

15.     As to Paragraph 15, Defendant, Yard House USA, Inc. admits that it had a duty to maintain the condition of the Premises to the extent that it was obligated to exercise reasonable care in providing a reasonably safe Premises, but denies it negligently maintained, managed, and/or operated the premises. Yard House USA, Inc. identifies that it leased the Premises, and that it had no duty, contractual or otherwise, as it related to the plumbing in the building in the area of the alleged leak, or any other building material involved in the subject incident. Defendant lacks sufficient information to admit or deny the extent of Plaintiff's alleged injuries and the circumstances of the alleged incident.

16.     As to Paragraph 16, Defendant, admits that it had a duty to maintain the condition of the Premises to the extent that it was obligated to exercise reasonable care

in providing a reasonably safe Premises, but denies it negligently maintained, managed, and/or operated the premises. Yard House USA, Inc. identifies that it leased the Premises, and that it had no duty, contractual or otherwise, as it related to the plumbing in the building in the area of the alleged leak, or any other building material involved in the subject incident. Defendant lacks sufficient information to admit or deny the extent of Plaintiff's alleged injuries and the circumstances of the alleged incident.

17.    As to Paragraph 17, Defendant denies that there was a history of prior/similar leaks or that it had any actual or constructive knowledge that the ceiling and/or plumbing would leak, was going to leak at or about the time of the alleged incident, and/or that the ceiling and/or plumbing would potentially cause any injuries to guests.

18.    As to Paragraph 18, Defendant denies that there was a history of prior/similar leaks or that it had any actual or constructive knowledge that the ceiling and/or plumbing would leak, was going to leak at or about the time of the alleged incident, and/or that the ceiling and/or plumbing would potentially cause any injuries to guests.

19.    As to Paragraph 19, Defendant denies it negligently maintained, managed, and/or operated the Premises (again, as it relates to the subject Yard House).  Yard House USA, Inc. identifies that it leased the Premises, and that it had no duty, contractual or otherwise, as it related to the plumbing in the building in the area of the alleged leak, or any other building material involved in the subject incident. Defendant lacks sufficient information to admit or deny the extent of Plaintiff's alleged injuries and the circumstances of the alleged incident.

20.    Defendant asserts the following affirmative and other defenses:

///

///

///

**AMARO | BALDWIN LLP**

## FIRST DEFENSE

### (Comparative Negligence)

21.    Alleges that Plaintiff's injuries, if any, were caused and contributed to by Plaintiff's own negligence.

## SECOND DEFENSE

### (Assumption of Risk)

22.    Alleges that Plaintiff's injuries, if any, were caused and contributed to by Plaintiff's own assumption of risk.

## THIRD DEFENSE

### (Failure to State a Claim)

23.    Alleges that the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action.

## FOURTH DEFENSE

### (Statute of Limitations)

24.    Alleges that the Complaint, and each cause of action thereof, is barred by the relevant statute of limitations.

## FIFTH DEFENSE

### (Fault of Others)

25.    Alleges that other persons or entities, whether or not parties, each, were negligent and such negligence was a proximate cause of Plaintiff's injuries, if any, and should any judgment be awarded to Plaintiff, it must be apportioned among all such negligent persons or entities and offset against any judgment against Defendant pursuant to the substantive law of California.

## SIXTH DEFENSE

### (No Notice)

26.    Alleges that Defendant had no notice of the alleged dangerous condition, and hence, cannot be liable for the same.

**ANSWER TO COMPLAINT**

**SEVENTH DEFENSE**

**(Proposition 51 – Joint and Several Liability)**

27.    Alleges that pursuant to *Civil Code* Section 1431.2, Defendant's liability for non-economic losses will be several only, and not joint. Answering Defendant shall only be liable for the amount of non-economic damages in the proportionate amount of liability assessed to such Defendant.

**EIGHTH DEFENSE**

**(Medical Expenses Paid v. Billed)**

28.    Alleges that Plaintiff is limited to the recovery of any medical bills paid, rather than billed, based upon *Howell v. Hamilton Meats*, and subsequent California case law regarding medical bills paid versus billed.

**NINTH DEFENSE**

**(Open and Obvious)**

29.    Alleges that the alleged dangerous condition was open and obvious, and hence, Defendant did not owe Plaintiff a legal duty with regards to the same.

**TENTH DEFENSE**

**(Future Economic Losses)**

30.    Alleges that Plaintiff's recovery of future economic damages, if any, is limited based upon *Cuevas v. Contra Costa County.*

**ELEVENTH DEFENSE**

**(Respondeat Superior)**

31.    Alleges that all employees of Yard House were acting within the course and scope of their employment by YARD HOUSE, USA, Inc. at the time of Plaintiff's alleged incident, and hence, no employee bears any individual liability.

///

///

///

**ANSWER TO COMPLAINT**

AMARO | BALDWIN LLP

WHEREFORE, Defendant asks judgment as follows:

1. That Plaintiff takes nothing;

2. For costs of suit; and

3. For other proper relief.

DATED:  March 21, 2025                     AMARO | BALDWIN

By:_____
RUDIE D. BALDWIN
Attorneys for Defendant,
YARD HOUSE USA, INC.

AMARO | BALDWIN LLP

8

**PROOF OF SERVICE**
*Bertha Donis  v. Yard House USA, Inc., et al.*
*Case No. 24SMCV06083*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to this action.  My business address is 180 E. Ocean Boulevard, Suite 1150, Long Beach, California 90802.

      On March 24, 2025, I served the foregoing document described as ANSWER TO COMPLAINT on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

      SEE ATTACHED SERVICE LIST

☐    **(By U.S. Mail)**  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Long Beach, California.

☐    **(By Personal Service)**  I caused to be delivered by hand by _____ to the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐    **(By Overnight Courier)**  I served the above referenced document(s) enclosed in a sealed  package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☒    **(By E-Mail)**  I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒    (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on March 24, 2025, at Long Beach, California.

/s/ Sally Whittaker
_____
SALLY WHITTAKER

AMARO | BALDWIN LLP

*Bertha Donis  v. Yard House USA, Inc., et al.*
*Case No. 24SMCV06083*

SERVICE LIST

| | |
|---|---|
| Babak Robert Moghadam, Esq.<br>Jason Kolbe, Esq.<br>MOET LAW GROUP, APC<br>18818 Teller Ave., Suite 250<br>Irvine, CA 92612 | *Attorneys for Plaintiff*<br><br>Telephone: (949) 617-2101<br>Fax: (909) 906-3788<br>Email:  jason@moetlaw.com |
| Elizabeth A. Thomasian<br>Nathan R. Maltes<br>GORDON REES SCULLY<br>MANSUKHANI, LLP<br>6781 N. Palm Avenue, Suite 102<br>Fresno, CA 93704 | *Attorney for Defendant, JONES LANG LASALLE AMERICAS, INC.*<br><br>Telephone: (559) 603-8880<br>Facsimile: (415) 986-8054<br>Email:  ethomasian@grsm.com<br>nmaltes@grs.com |

AMARO | BALDWIN LLP

**ANSWER TO COMPLAINT**